**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2128-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KAELIN RAMROOP, a/k/a
KAELIN L. RAMROOP,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided August 11, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 21-05-0213.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kaelin L. Ramroop appeals from a February 1, 2024 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues that she was entitled to an evidentiary hearing on her claim that her plea counsel was ineffective in promising she would be sentenced to non-custodial probation on her conviction for second-degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5[1](b)(1), a Graves Act offense.[2] As a result of plea counsel's alleged erroneous representation, defendant contends her plea was not knowingly, voluntarily, and intelligently entered.

In rejecting defendant's PCR petition, Judge Marybel Mercado-Ramirez issued an oral decision. Having conducted a de novo review of the record, we reject defendant's arguments and affirm substantially for the reasons set forth in Judge Mercado-Ramirez's thorough decision.

---

[1] The United States District Court for the District of New Jersey in Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Platkin, 742 F.Supp.3d 421 (D.N.J. 2024), held, in relevant part, New Jersey's Assault Firearms provision, N.J.S.A. 2C:39-5(f) unconstitutional. An appeal was filed to the Third Circuit on August 9, 2024. However, the provision of the statute at issue in this case has not been deemed unconstitutional.

[2] N.J.S.A. 2C:43-6(c).

A-2128-23

In 2021, defendant was indicted for weapons offenses, which included the unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1), unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f)[3], possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j), and possession of a prohibited device, N.J.S.A. 2C:39-3(f)(1)[4]. On January 31, 2022, defendant pled guilty to second-degree unlawful possession of a weapon. In exchange for her guilty plea, the State agreed to recommend three years imprisonment, with a one-year parole ineligibility stipulation, which constituted a Graves Act departure, approved by Judge Mercado-Ramirez in an order dated January 25, 2022.

At the outset of the plea hearing, the prosecutor set forth the terms of the plea agreement on the record. The judge confirmed with defendant's counsel and directly with defendant that she understood those terms and that a Graves Act departure (waiver) had been agreed to as part of the plea. At the plea hearing, Judge Mercado-Ramirez, who was also the plea judge, engaged in a

---

[3] This provision of subsection N.J.S.A 2C:39-5, as referenced in footnote one, was declared unconstitutional in <u>Ass'n of N.J. Rifle & Pistol Clubs, Inc.</u>, 742 F.Supp.3d at 421.

[4] This statute was preempted by the Third Circuit case, <u>Fed. L. Enf't Officers Ass'n v. Att'y Gen. N.J.</u>, 93 F.4th 122 (3d Cir. 2024).

A-2128-23

thorough examination of defendant, advising her of her rights and confirming her understanding of the consequences of her guilty plea.

The judge reviewed the plea form with defendant and asked her a series of questions to ascertain defendant's understanding of the plea forms she initialed and signed. After being satisfied that defendant understood the terms of the plea agreement and the rights she was giving up and confirmed that she had had sufficient time to speak with her counsel, the judge accepted defendant's guilty plea.

On May 13, 2022, defendant was sentenced in accordance with the terms of the plea agreement. In rendering the sentence, the judge acknowledged defendant's lack of a prior criminal record; however, she noted that defendant had in her possession two firearms purchased lawfully in Georgia—one of which was, in New Jersey, an illegal assault firearm—and she was attempting to sell them out of the trunk of her car. Defendant was then sentenced in accordance with the negotiated plea agreement to three years imprisonment with a one-year parole ineligibility stipulation pursuant to a Graves Act departure (waiver).

Defendant did not file a direct appeal. On April 21, 2023, defendant filed a self-represented PCR petition. Following the appointment of PCR counsel, a supporting brief was filed on behalf of defendant, addressing the ineffective

A-2128-23

assistance of counsel claim. After oral argument on February 1, 2024, defendant's PCR petition was denied, and this appeal followed.

On appeal, defendant articulates her arguments as follows:

> POINT I
>
> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING TO EVALUATE HER CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HER THAT SHE WOULD BE SENTENCED TO A PROBATIONARY TERM ON A SECOND-DEGREE GRAVES ACT OFFENSE FOR UNLAWFUL POSSESSION OF A WEAPON.
>
> POINT II
>
> THE PCR COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING.

In defendant's counseled brief, she sets forth the following arguments for our consideration:

> POINT I
>
> DEFENDANT HAS FILED A TIMELY PETITION FOR [PCR].
>
> POINT II
>
> DEFENDANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

> 1. Defendant's Plea Was Not Made Voluntarily, Knowingly[,] And Intelligently Because Trial Counsel Promised Defendant That She Would Be Sentenced To Probation As Opposed To Any Prison Term.
>
> 2. Trial Counsel's Cumulative Errors Denied Defendant Her Right To Effective Assistance Of Counsel.

First, there is no dispute that defendant's PCR petition was timely filed. Regarding defendant's ineffective assistance of counsel claim, having reviewed the record de novo, we affirm substantially for the reasons expressed by the judge in her comprehensive opinion. We add only the following brief comments.

Our review of a PCR claim when a judge has not held an evidentiary hearing is de novo. State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)).

As the judge explained in detail, defendant failed to establish a prima facie showing of ineffective assistance of counsel because her claims were not supported by the record of her plea and sentencing. Moreover, defendant did

6

not present any specific facts supporting her assertion that plea counsel misadvised her regarding her potential sentence to induce her to plead guilty. The judge also properly rejected defendant's argument that because of plea counsel's alleged misrepresentation regarding defendant's sentence, defendant did not knowingly, intelligently, and voluntarily enter a guilty plea. Rather, she correctly concluded that "petitioner's decision to plead guilty was an informed one made with very clear and reasonable advice by a very experienced attorney who provided her with proper aid and gave her full knowledge of the potential consequences of her plea."

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2128-23